IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KUNTA KENTA REDD,

    Plaintiff,

v.                                                   Civil Action No. **3:20CV11**

**PATRICIA S. CONNOR,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Kunta Kenta Redd, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this *Bivens* action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro*

*se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Particularized Complaint, Redd names Patricia S. Connor, the "Chief Appeal Clerk" for the United States Court of Appeals for the Fourth Circuit, and Mark Zanchelli, the "Assistant Appeal Clerk" for the Fourth Circuit, as Defendants. (ECF No. 17, at 3.) In support of his claims, Redd alleges:[2]

> Several motions I was filing, Mrs. Patricia S. Connor was not filing them and refused to file them. Like the Motion Rule 44 and Rule 35 for assistance. The District Court Clerk in Raleigh N.C. was filing everything. There was several more motions that was not filed by both clerks. A defendant must have access to the court under the Constitution.
> My co–Defendants are very dangerous. Tremain Garrison, Akhilles Shepard, and Mexican Cartel. And ATF Chad Nesbit and Prosecutor Timothy Severo, Judge Dever.
> I was sentenced under a District Court Judge who was upholding discrimination and misconduct, corruption and extortion, improper statements and false materials before the Court . . . . My sentencing [judge] love informants. They make false cases for him. My sentencing judge let rapist and sex offenders be informants and get off on rape. What woman or lady will go against what am saying unless they are scared like Patricia S. Connor authorities as a clerk supposed to follow the decisions circuit court of a pending criminal case. Mrs. Patricia S. Connor and Clerk Mark J. Zanchelli should of use the General Provisions under Rules for Judicial Conduct and Judicial Disability . . . .
> When did this start happen[ing] to me with the Appeal Clerks about 2015 to 2020. Patricia S. Connor [then] it start happen with Mark J. Zanchelli 2018 to 2020 overlooking my motion. I think Patricia S. Connor told him to overlook my motion and don't file them. They both should be charged under perjury and interest of judgment . . . these appeal clerks they know what they was doing was wrong. These clerks cause harm to the public, to the outside community . . . .

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. Where possible, the Court corrects some, but not all of the punctuation, capitalization, and spelling in quotations from Redd's Particularized Complaint.

3

No actual injury to identified showing physical injury.

(ECF No. 17, at 5–7 (internal quotation marks omitted).)

The Court liberally construes Redd's rambling and, at times, incoherent allegations to raise a claim alleging that Defendants denied him access to the courts.

### III. ANALYSIS

The Court need not engage in an extended discussion of Redd's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

In order to establish a case of denial of access to the courts, a plaintiff must identify with specificity an actual injury to non-frivolous litigation. *See id.* at 1317. "This requires the inmate to come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions." *McCoy v. Clarke*, No. 3:11CV731, 2013 WL 4749912, at *2 (E.D. Va. Sept. 3, 2013) (citations omitted) (internal quotation marks and alteration omitted).

Redd's Particularized Complaint is completely devoid of any allegations concerning an actual injury to non-frivolous litigation. Indeed, Redd fails to identify any specific pending litigation, much less non-frivolous litigation. The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Redd vaguely states that over a five-year period Defendants refused to file his motions. However, he fails to provide necessary basic information related to his underlying claim, such as the case number or case numbers for the underlying matter or matters, the dates on which he

4

filed the motions in question, or even a description of the nature of the case or cases at issue. Consequently, Redd fails to describe a "predicate claim . . . well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416 (footnote omitted). Because Redd fails to allege facts that plausibly suggest an actual injury to non-frivolous litigation the action will be DISMISSED as legally frivolous and for failure to state a claim.

### IV. CONCLUSION

For the foregoing reasons, Redd's claim and the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 1 July 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge